IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:99CR181-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PAUL DAMERON MIDGETT | ) | |
| _____ | ) | |

This matter is before the court upon the government's Motion for Enforcement of Judgment, Request for Court Order Requiring Turnover of Finds and/or Writ of Attachment. Pursuant to the court's request, the parties, including non-party George Midgett, have filed supplement briefs with the court and the court is now prepared to rule on the government's motion.

Defendant Paul Midgett was found guilty of bank robbery, use of a dangerous weapon during a bank robbery, and malicious damage to property. Judgement was entered on September 13, 2001. Defendant was ordered to pay $12,176.23 in restitution to the victims of his crimes, as well as an assessment of $300.00. Defendant appealed his conviction, and was tried a second time and convicted again on June 17, 2004. Defendant was again ordered to pay $12,176.23 in restitution and an assessment of $300.00.

On October 18, 2005, Defendant settled a civil suit. The settlement agreement, executed by defendant's father, George Midgett, pursuant to a power of attorney, provided that Mecklenburg County would pay defendant the sum of $110,000. The sum of $12,476.23, the amount of defendant's restitution and criminal assessment obligations, is now being held in the trust account of the law firm of Womble Carlyle Sandridge & Rice (counsel for Mecklenburg

County) pending the court's decision on the government's motion herein.

In response to the government's motion, the defendant asserted that the monies being held are not his property, but were conveyed to his father, George Midgett. On October 5, 2001, less than thirty days after the entry of the original criminal judgment, defendant signed a document purporting to convey to his parents the "absolute right to collect for their ease and benefit, any and all monies, funds or other monetary sums that I may become entitled to, now or in the future, including, but not limited to, civil court recoveries or other payments for injuries suffered by myself in any civil actions that may have been or may be filed on my behalf." This conveyance was recorded in Lincoln County two years later on October 31, 2003.

George Midgett, by leave of court, has also filed a brief, in which he claims that the funds being held belong to him. He chronicles the numerous expenses he has incurred over the years for his son's legal problems and health problems in support of his argument that the conveyance at issue was supported by adequate consideration.

Defendant was sentenced pursuant to the Mandatory Victim Restitution Act ("MVRA"). See 18 U.S.C. § 3663A. With very few, insignificant exceptions, all property of a defendant is subject to execution by the government for payment of restitution and assessments. See 18 U.S.C. § 3613(a). With regard to settlement proceeds, the MVRA provides:

> If a person obligated to provide restitution . . . receives substantial resources from any source, including . . .settlement . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n).

The specific issue before the court is whether the conveyance of these settlement proceeds by Paul Midgett to his father is a fraudulent transfer. The transfer of an asset is

fraudulent if it is made with "actual intent to hinder, delay, or defraud a creditor," regardless of whether the transfer was made prior to or after the debt to the United States was incurred. 28 U.S.C. § 3304(b)(1)-(A). Among the factors the court may consider in determining whether "actual intent" exists are:

(1) whether or not the transfer was to an "insider;"

(2) whether the debtor was sued or threatened with suit before the transfer was made;

(3) whether the transfer was of substantially all of the debtor's assets;

(4) if the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred;

(5) if the debtor was insolvent shortly after the transfer was made; or

(6) if the transfer occurred shortly before or after a substantial debt was incurred.

See 28 U.S.C. § 3304(b)(2).

With regard to factor number one, since the transfer was made to Midgett's father, it was clearly made to an "insider." Second, the government obtained the judgment against the defendant thirty days before the transfer was made. Third, the transfer was a transfer of substantially all defendant's assets. Defendant had not had any significant employment since 1994. Moreover, the language of the transfer document conveyed not only the funds from any settlement, but any and all funds to which he may later be entitled, effectively transferring anything he may ever own for the rest of his life. Fourth, there is no contention that the retainer and expenses in the civil suit exceeded the recovery, or that defendant believed his father would invest more money to file the suit that defendant expected to recover ultimately. Defendant was appointed counsel in each of his criminal cases. There is nothing in the transfer document

limiting the parents' interest to an amount equivalent to the original debt–it is a blanket transfer of any and all proceeds. Fifth, defendant was not only insolvent immediately after the transfer, he was insolvent immediately prior to the transfer. A recovery in his civil suit was his only prospect of solvency, since he had been sentenced to life in prison thirty days before the transfer. Lastly, defendant made the transfer shortly after a substantial debt was incurred, that is, thirty days after the original restitution judgment was entered.

Consideration of the these factors leads the court to conclude that the transfer was fraudulent. Accordingly,

IT IS THEREFORE ORDERED that the law firm of Womble Carlyle pay from its trust account the amount of $12, 390.89 (subject to the final accounting of the Clerk of Court) to the Clerk of Court to be applied to defendant's outstanding restitution and assessment obligations, as set forth in the court's criminal judgment.

Signed: March 1, 2006

Graham C. Mullen
United States District Judge